# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER SUMMERS,

    Petitioner,  :  Case No. 3:16-cv-61

- vs -        District Judge Thomas M. Rose
           Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

             :

    Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Christopher Summers with the assistance of counsel, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and the Reply ("Traverse," ECF No. 12).

Petitioner pleads one ground for relief:

> **Ground One:** Summers received a grossly disproportionate sentence in violation of the Eighth Amendment.
>
> **Supporting Facts:** Summers was sentenced to one year for sexual battery in Darke County, to be served consecutively to a 20-year sentence imposed by the neighboring Mercer County Court of Common Pleas on a related case. Summers' 21-year total sentence was the longest ever received for a consensual teacher-student sexual encounter by a wide margin. Summers' sentence was therefore disproportionate to the crime in violation of the Eighth Amendment.

1

(Petition, ECF No. 1, PageID No. 5.)

**Procedural History**

On January 25, 2013, the Darke County Grand Jury indicted Summers on one count of Sexual Battery in violation of Ohio Revised Code § 2707.03(A)(7)(Indictment, State Court Record, ECF No. 6, Exh. 1, PageID 25.) On August 26, 2013, he pled guilty as charged (Guilty Plea, State Court Record, ECF No. 6, Exh. 2, PageID 26-28). On October 11, 2013, Judge Jonathan Hein sentenced Summers one year incarceration to be served consecutively to a twenty year sentence imposed in Case No. 13-CRM-030 in the Mercer County Court of Common Pleas. In addition, Summers was classified as a Tier III sexual offender. (State Court Record, ECF No. 6, Exh. 3, PageID No. 29-31).

Summers, through different counsel, appealed to the Court of Appeals of Ohio, Second Appellate District, Darke County, raising the following assignments of error:

> The trial court committed prejudicial error by imposing consecutive service on Appellant which sentence was an abuse of discretion and was violative of the statutory purposes and principles of sentencing.
>
> Imposing a sentence consecutive to the sentence in Mercer County was not consistent with sentences imposed for similar cases committed by similar offenders.

(Appellant's Brief, State Court Record, ECF No. 6, Exh. 7, PageID No. 51, 55.)

The Second District set forth the facts of this case on direct appeal as follows:

2

> **[¶1]** Christopher Summers was found guilty on his guilty plea of one count of sexual battery, in violation of R.C. 2907.03(A)(7), in the Darke County Court of Common Pleas; Summers was sentenced to one year of imprisonment. Summers had been convicted of eight additional counts of sexual battery involving the same victim in Mercer County, and the trial court ordered that his sentence for the Darke County offense be served consecutively with the sentence imposed in the Mercer County case. Summers appeals from the Darke County conviction, challenging his sentence.
>
> **[¶2]** The victim of the Darke and Mercer County offenses was an underage female high school student; Summers was her teacher and coach, age 35. Summers claimed that he and the victim had a close, romantic relationship and that their sexual activity was consensual, although he acknowledged that it "crossed the line" and that, as an adult, "any contact was wrong." The victim claimed that she felt coerced and manipulated into the sexual relationship and that she was not a willing participant. The sexual conduct occurred over the course of more than two years. Summers and the victim lived in Mercer County, and most of the sexual activity occurred in Mercer County. The Darke County offense was based on a night they spent in a Greenville hotel. The victim eventually told her mother about the sexual conduct.
>
> **[¶3]** In November 2012, Summers was charged with more than forty counts of rape, sexual battery, and gross sexual imposition in Mercer County. In January 2013, he was indicted on one count of sexual battery in Darke County. He entered guilty pleas in both cases in August 2013. In Mercer County, Summers pled guilty to eight counts of sexual battery, in exchange for which the other charges were dismissed. On October 10, 2013, he was sentenced to thirty months on each count, to be served consecutively, for an aggregate term of twenty years. The next day, he was sentence [sic] in Darke County to a term of one year in prison, to be served consecutively with the Mercer County sentence.

*State v. Summers*, 2014-Ohio-2441, 2014 Ohio App. LEXIS 2368 (2nd Dist. June 6, 2014). The Second District affirmed and the Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Summers*, 140 Ohio St. 3d 1506 (2014).

# ANALYSIS

**Ground One:  Cruel and Unusual Punishment**

In his sole ground for relief, Summers asserts the one-year sentence he received on his conviction of sexual battery, a third-degree felony, constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Respondent contends this claim is procedurally defaulted because it was not fairly presented to the Ohio courts as a constitutional claim (Return, ECF No. 7, PageID 130-32).  In the alternative the Warden asserts the claim is without merit.

**Fair Presentation**

In response to the Warden's procedural default defense, Summers asserts he has exhausted available state court remedies (Reply, ECF No. 12, PageID 148).  This response misses the point entirely.

Lack of exhaustion is a waivable non-jurisdictional defense in habeas corpus.  By pleading lack of exhaustion, the State asserts that there is an existing forum, still open to the habeas petitioner, to present his claim to the state courts.  The Respondent here has not pleaded lack of exhaustion; she does not suggest that Summers could return to state court to plead his constitutional claim.   Instead, the Warden asserts Summers has forfeited his constitutional claim by never fairly presenting it to the state courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

As the Sixth Circuit has explained the distinction, "[a] claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

At the time he was sentenced in this case, Summers could have presented his Eighth Amendment constitutional claim on direct appeal. But he did not do so.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995); *Riggins v. McMackin*, 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue.  *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *McMeans*, 228 F.3d at 681, *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" is insufficient. *Slaughter*, 450 F.3d at 236; *Blackmon*, 394 F.3d at 400(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

If a petitioner's claims in federal habeas rest on different theories than those presented to the state courts, they are procedurally defaulted.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th

6

Cir. 2006); *Lorraine v. Coyle*, 291 F.3d 416, 425 (6th Cir. 2002), *citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Lott v. Coyle*, 261 F.3d 594, 607, 619 (6th Cir. 2001)("relatedness" of a claim will not save it).

There is not a hint of an Eighth Amendment claim anywhere in Summers' direct appeal to the Second District. As the Warden points out, the United States Constitution is not mentioned and no federal case law is cited. Nor are the Ohio statutes at issue on appeal intended in some way to mirror Eighth Amendment concerns in contrast, for example, with the way Ohio Revised Code § 2941.25 protects statutorily against the same evils as are prohibited by the Double Jeopardy Clause.

Summers' counsel does not claim the Eighth Amendment issue was presented to the state courts. She argues instead that the "aggregate . . . prison term [imposed on Summers] grossly exceeds the punishment imposed on similarly-situated offenders [and therefore] the interest of justice weigh [sic] in favor of permitting the Court to consider Summers' claim." (Reply, ECF No. 12, PageID 148.) However, the Supreme Court has never recognized an "interests of justice" exception to its procedural default jurisprudence.

**Disproportionate Sentence**

The gravamen of Summers' claim is that Judge Hein's one-year sentence, when aggregated with the twenty-year sentence imposed on Summers in Mercer County, violated the Eighth Amendment.

Summers' argument begins with the proposition from Supreme Court jurisprudence that

7

"punishment for the crime should be graduated and proportionate to the offense." (Reply, ECF No. 12, PageID 148, citing *Graham v. Florida*, 560 U.S. 48, 59 (2010), itself citing *Weems v. United States*, 217 U.S. 349, 367 (1910)).  In *Graham* the Supreme Court found imposition of a life without parole sentence on a juvenile non-homicide offender constituted cruel and unusual punishment.  While *Graham* recites the general proposition cited above, it does not authorize federal judges generally to impose their own notions of appropriate proportionality in reviewing state court sentences.

As the Warden points out, the Supreme Court has expressly approved very long sentences for offenses which seem much less serious than the one in suit here.  Perhaps most applicable is *Lockyer v. Andrade*, 538 U.S. 63 (2003). In that case the defendant was convicted of stealing approximately $150 worth of videos from K-Mart and received two 25 to life sentences to be served consecutively.  In that case the Court held that a "gross disproportionality principle" was applicable to sentences of imprisonment for a term of years, but that the "precise contours" of that principle were unclear and that the principle was to be applied only in "exceedingly rare" and "extreme" cases. *Id.* at 73.

The sentence authorized by Ohio law in this case is zero to five years imprisonment, with the sentence actually imposed being one year.  Although the offense in suit was part of a course of conduct for the rest of which Summers received a twenty-year sentence, Summers cites no authority for the proposition that a habeas court is to decide "gross disproportionality" by aggregating the sentence for part of a course of conduct with that for the balance.

Nor, considered by itself, does a one-year sentence for one instance of consensual sexual conduct between a 35-year-old teacher and a 17-year old student seem grossly disproportionate.

At several points, Summers argues that the relevant decision for this Court's review is the

8

refusal of appellate jurisdiction by the Ohio Supreme Court (See, e.g. ECF No. 12, PageID 149, 150).  As is very frequently the case, that court gave no explanation of its decision.  Where there has been one reasoned state court judgment rejecting a claim, there is a rebuttable presumption that later unexplained orders upholding the judgment or rejecting the same claim rest on the same ground.  *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge recommends the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 30, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).